IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WILLIAM EDWARD VUKICH, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 2:19-cv-00051 |
| v. | ) | |
| | ) | |
| TOM PHILLIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff, William Edward Vukich, commenced this civil action on January 17, 2019, by filing in this Court a Complaint (ECF No. 1–1), and by filing Form AO 240, "An Application to Proceed in District Court Without Prepaying Fees or Costs." (ECF No. 1.) For the reasons that follow, the Court will grant Vukich leave to proceed in forma pauperis and will dismiss his Complaint.

As a preliminary matter, the Court will grant Vukich leave to proceed in forma pauperis because it appears he is unable to pay the fees necessary to commence this action. (*See* ECF No. 1.) Next, under 28 U.S.C. § 1915(a), when a plaintiff has requested leave to proceed in forma pauperis, this Court must review his allegations in accordance with 28 U.S.C. § 1915(e). Section 1915(e)(2) requires federal courts to review complaints filed in forma pauperis and to dismiss, at any time, any action that: (i) "is frivolous or malicious;" (ii) "fails to state a claim on which relief may be granted;" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

When determining whether an action has failed to state a claim for purposes of § 1915(e)(2)(B)(ii), the Court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011). That means that the Court must dismiss a complaint if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, a pro se filing is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court need not, however, credit "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). If a complaint is vulnerable to dismissal for failure to state a claim, the Court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. In the section of the form complaint describing the facts giving rise to his claims, Plaintiff relates that his plea agreement provided for not less than twenty-four (24) months nor more than forty-eight (48) months' imprisonment,

2

followed by three (3) years probation, but that after forty-eight (48) months, "[Beaver County] change[d] the plea, and sent me back to prison for an additional 3 [years,] bring[ing] the total time of incarceration to 84 months." (ECF No. 1–1, at 4.) Plaintiff also notes that "Ms. Popovich stated in her opening statement burglary in the second degree and they sentence[d] me in the first degree." (*Id.*) He also avers that "Mr. Valsamidis and Ms. Popovich were indeed dating at the time this plea took place. They are now husband and wife. So [Valsamidis] did not object to any of the proceedings that took place." (*Id.* at 5.) Plaintiff seeks an unstated amount of damages. Although he checks the box in "Civil Category" for "Habeas corpus" as well as "Civil Rights," on the "Nature of the Suit" he checks "Other Civil Rights." (ECF No. 1–2, at 1.) It appears from Mr. Vukich's stated address and statements about his living situation that he is not presently incarcerated. (ECF No. 1–1, at 1–2.)

### A. **Challenge to State Criminal Conviction**

To begin, Plaintiff appears to challenge his state court criminal conviction. Whatever the merits of his claim, he must show that he is "in custody" if 28 U.S.C. § 2254's remedy is to be available to him. As he has not presented his claims under § 2254, however, the Court need not consider it under that provision of law. Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90. Plaintiff has not pleaded that his convictions or sentences have been overturned. Therefore, to the extent he is seeking money damages, his claims are not ripe for consideration of such damages. Regardless, the Court will address his claims under § 1983 below.

3

## B. Section 1983 Claims

To recover under 42 U.S.C. § 1983, a plaintiff must "establish [1] that the defendant acted under color of state law," and [2] that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff appears to raise § 1983 claims under the Sixth Amendment for ineffective assistance of counsel against Defendants Tom Phillis and Steven Valsamidis, and under the Due Process clause of the Fourteenth Amendment against Defendants Jennifer Popovich and the Honorable "Kim Telsa." He also alleges a claim against a "Mich Shahen," but does not indicate who this person is or allege any factual or legal matter regarding this individual.

### 1. Allegations against Defendant Tom Phillis

Plaintiff does not allege any factual matter regarding Tom Phillis. He names Phillis as "Public Defender, Esquire" but does not explain his connection to Plaintiff's claims. To the extent he provided counsel to Plaintiff, Plaintiff's claims will be dismissed because "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983." *Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009). That is because a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 324–25 (1981). Any claim concerning a violation of right to counsel must first be exhausted in state court (by direct appeal or other state court review), and then by filing a federal habeas petition under 28 U.S.C. § 2254, to assert an ineffective assistance of counsel claim. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Court cannot evaluate whether Plaintiff's claims against Phillis concern traditional functions of counsel because he has not stated any claim against

4

Phillis, besides naming him as a defendant. The Court will therefore dismiss his claim without prejudice.

### 2. Allegations against Defendant Steven Valsamidis

For the same reasons as stated above regarding state action, Plaintiff's § 1983 claim against his court-appointed attorney cannot stand. Plaintiff's allegation that Valsamidis had a conflict of interest when he was dating the prosecutor at the same time as he represented Plaintiff, and therefore "did not object to any of the proceedings that took place," (ECF No. 1–1, at 5,) concerns Valsamidis function as counsel in a criminal proceeding. Whatever the propriety of his alleged personal relationship with the prosecutor, or the effect of such alleged conflict on his representation of Plaintiff, a § 1983 claim cannot be sustained because Valsamidis was not acting under color of state law when he represented Plaintiff, and particularly when he allegedly failed to object on Plaintiff's behalf during proceedings related to Plaintiff's plea agreement. The Court will dismiss this claim without prejudice.

### 3. Allegations against Defendant Judge "Kim Telsa"[1]

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be held liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). There are two exceptions to this judicial immunity. "First, a judge is not immune from liability for non-judicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). To determine whether an action is a "judicial act," the Court considers "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). "Second, a judge is not immune for actions,

---

[1] The Court is not aware of a Judge in Pennsylvania named "Kim Telsa," but is aware of a Judge named "Kim Tesla." However, at this stage of the proceedings, the Court will continue to refer to the Defendant by the name provided by Plaintiff.

5

though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Plaintiff has not pleaded anything in particular regarding Judge Telsa, but to the extent that his averments regarding his sentencing and trial can be construed as relating to Judge Telsa's actions, those are all actions taken in the judge's capacity as a judge. Plaintiff has not alleged any facts demonstrating that Judge Telsa committed non-judicial acts regarding Plaintiff, nor that he performed any acts in the clear absence of jurisdiction. Therefore, the Court will dismiss without prejudice the § 1983 claims against this defendant.

### 4. Allegations against Defendant Jennifer Popovich

Plaintiff's claims against Defendant Popovich in her official or individual capacity must be dismissed because she is absolutely immune from liability for damages. First, to the extent Plaintiff sues Defendant Popovich in her official capacity, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v Melo*, 502 U.S. 21, 27 (1991).

Second, to the extent Plaintiff sues Popovich in her individual capacity, "a state prosecuting attorney who act[s] within the scope of [her] duties in initiating and pursuing a criminal prosecution" is not subject to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). "Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). However, a prosecutor is not entitled to such immunity for actions undertaken in some other function, such as planning a raid, holding a press conference, or fabricating evidence. *See id.* at 276–78; *Yarris*

*v. Cty. of Del.*, 465 F.3d 129, 137 (3d Cir. 2006) (prosecutor not entitled to immunity when deliberately destroying exculpatory evidence).

Here, Plaintiff alleges that Defendant Popovich had a conflict of interest when she was dating Plaintiff's defense attorney at the time of the plea agreement. Assuming this is true, and setting aside the question of whether a *prosecutor* is liable for a Sixth Amendment violation predicated on the defense attorney's conflict of interest, any such conflict of interest affects her prosecutorial function in the course of her role as the Commonwealth's advocate. She is therefore entitled to prosecutorial immunity, and the claim against her will be dismissed.

### 5. Allegations against Defendant "Mich Shahen"

Beyond naming him or her, Plaintiff has pleaded no facts or law related to "Mich Shahen." The claims against this Defendant will also be dismissed.

### C. **Conclusion**

For these reasons, the Complaint, and this civil action, will be dismissed. This dismissal is without prejudice to Mr. Vukich filing an amended complaint to cure the defect in his pleadings. An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: February 11, 2019

cc:  All counsel of record
William Edward Vukich